**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| TERRA TERSUS LLC, § § *Plaintiff*, § § v. § § NATIONAL OILWELL VARCO, L.P., § § *Defendant*. § | CIVIL ACTION NO. 6:17-cv-00698 **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT**

Plaintiff Terra Tersus LLC ("Plaintiff" or "Terra Tersus"), by and through its attorneys, for its Original Complaint against National Oilwell Varco, L.P. ("Defendant" or "NOV"), and demanding trial by jury, hereby alleges as follows:

**I.   NATURE OF THE ACTION**

1.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendant's unauthorized use, sale, and offer to sell in the United States of products, methods, processes, services and/or systems that infringe U.S. Patent No. RE 46,632, as described herein.

2.    The '632 Patent is generally directed to a closed loop apparatus, system, process or method adapted for processing/recycling drilling mud used in a down hole well drilling process such that any undesirable particulate such as cuttings from the down hole well drilling process will be substantially, if not completely separated from the dirty mud while at the same time allowing the recycled drilling mud to be continuously circulated with the drilling mud.

3.   NOV manufactures, provides, uses, sells, offers for sale, imports, and/or distributes infringing systems and services.  It further assists and encourages others, including its customers, to purchase, install and use its systems and services in an infringing manner, as set forth herein.

4.   Terra Tersus seeks past and future damages and prejudgment and post judgment interest for NOV's past infringement, as set forth below.

## II.   PARTIES

5.   Plaintiff Terra Tersus is a limited liability company organized and existing under the laws of the State of New Mexico.

6.   On information and belief, Defendant NOV is a limited partnership organized under the laws of Delaware, having an established place of business in this Judicial District at 4912 Hightech Drive, Tyler, Texas 75703.  NOV's registered agent for service of process in Texas is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III.   JURISDICTION AND VENUE

7.   This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 283, 284 and 285.

8.   This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

9.   On information and belief, venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendant has a regular and established place of business in this district, has transacted business in this District, and has committed and/or induced acts of patent infringement in this district.

10.   On information and belief, Defendant NOV is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements

alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct in this Judicial District, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## IV.  FACTUAL ALLEGATIONS

### PATENTS-IN-SUIT

11.  Terra Tersus is the owner of all right, title and interest in and to.

12.  Terra Tersus filed a reissue application based on the '650 Patent on August 24, 2016.  That reissue application resulted in RE 46,632, which issued on December 12, 2017.  Terra Tersus is the owner of all right, title and interest in and to U.S. Patent No. RE 46,632 (the "'632 Patent").

13.  Upon issuance of the '632 Patent, the '650 Patent was automatically surrendered. *See* 35 U.S.C. §251; 37 C.F.R. §1.178.

14.  Terra Tersus is the assignee of the '632 Patent, and has all rights to sue for infringement and collect past and future damages for the infringement thereof.

### DEFENDANT'S ACTS

15.  NOV markets itself as a world leader in "Closed Loop Processing Systems," including at:

https://www.nov.com/Segments/Wellbore_Technologies/WellSite_Services/Waste_Management/Drilling_Waste_Treatment/Closed_Loop_Mud_Systems.aspx

16.  NOV provides oilfield services relating to mud reclamation/mud recycling (also known as "solids control"), including its "BRANDT Ideal Mud Tank System," the representative system pictured below.



https://www.nov.com/Segments/Wellbore_Technologies/WellSite_Services/Solids_Control/Mud_Tank_Systems/Ideal_Mud_Tank_System/Ideal_Mud_Tank_System.aspx

17. Upon information and belief, NOV's "BRANDT Rapid Mud Tank System" is also used to provide oilfield services relating to mud reclamation/mud recycling, and has a similar configuration of the BRANDT Ideal Mud Tank System as shown above.

18. According to NOV, mud tank systems are a critical component of any drilling operation for maximizing solids control efficiency and effectiveness.

19. The Ideal Mud Tank System is a two-tank unit with a total active (operating) capacity of 1318 barrels (total/nominal capacity of 1500 barrels).

20. The system comes complete with all the essential solids control equipment necessary for successful operations. Additionally, optional solids control configurations are available to suit the needs of specific applications.

21. The system includes vertical, direct-driven centrifugal pumps, which minimizes the footprint required by the pumps.

22. The system further includes vortex breakers at each suction, which prevents cavitation of the centrifugal pumps.

23. The system further includes shakers for solids control.

24. NOV further instructs its customers regarding the implementation and operation of the accused instrumentalities, including at https://www.nov.com

25. On information of belief, Defendant NOV also implements contractual protections in the form of license and use restrictions with its customers to preclude the unauthorized use and modification of its products.

### Prior Knowledge of the Patents-in-Suit

26. By letters dated January 28, 2015 and February 9, 2015, NOV was provided (and on information and belief actually received) notice of the '650 Patent, and consequently has actual and/or constructive knowledge of the '632 Patent.

27. In the correspondence referenced above, Terra Tersus specifically identified the closed loop mud systems and BRANDT "IDEAL" and "RAPID" solids control equipment that are accused instrumentalities in this case.

## V.  COUNT OF PATENT INFRINGEMENT

### Count One
### Infringement of U.S. Patent No. RE 46,632

28. Terra Tersus incorporates by reference its allegations in Paragraphs 1-27 as if fully restated in this paragraph.

29. Terra Tersus is the assignee and owner of all right, title and interest to the '632 Patent. Terra Tersus has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

30. On information and belief, Defendant NOV, without authorization or license from Terra Tersus, has been and is presently directly infringing at least claims 41 and 44 of the '632 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '632 Patent. Defendant NOV is thus liable for direct infringement of the '632 Patent pursuant to 35 U.S.C. § 271(a). Exemplary infringing products include the BRANDT Ideal Mud Tank System and/or the NOV BRANDT Rapid Mud Tank System.

31. On information and belief, following the above-referenced notice and at least since the filing of the Original Complaint, Defendant NOV, without authorization or license from Terra Tersus, has been and is presently indirectly infringing at least claims 41 and 44 of the '632 Patent, including actively inducing infringement of the '632 Patent under 35 U.S.C. § 271(b). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that NOV knows or should know infringe one or more claims of the '632 Patent. NOV instructs its customers to make and use the patented inventions of the '632 Patent by operating NOV's products in accordance with NOV's specifications. NOV specifically intends its customers to infringe by implementing its systems to provide closed-loop drilling mud reclamation in an infringing manner.

32. On information and belief, following the above-referenced notice and at least since the filing of the Original Complaint, Defendant NOV, without authorization or license from Terra Tersus, has been and is presently indirectly infringing at least claims 41 and 44 of the '632 Patent, including by contributing to the infringement of the '632 Patent under 35 U.S.C. § 271(c). The system provided by NOV is not a staple article of commerce, and has no substantial noninfringing uses.

33. As a result of NOV's infringement of the '632 Patent, Terra Tersus has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

## VI. JURY DEMAND

34. Plaintiff Terra Tersus demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VII. PRAYER FOR RELIEF

WHEREFORE, Terra Tersus prays for judgment and seeks relief against Defendant as follows:

A. That the Court determine that one or more claims of the '632 Patent is infringed by Defendant NOV, either literally or under the doctrine of equivalents;

B. That the Court award damages adequate to compensate Terra Tersus for the patent infringement that has occurred, together with prejudgment and post-judgment interest and costs, and an ongoing royalty for continued infringement;

C. That the Court permanently enjoin Defendant pursuant to 35 U.S.C. § 283;

D. That the Court aware enhanced damages pursuant to 35 U.S.C. § 284;

E. That the Court award such other relief to Terra Tersus as the Court deems just and proper.

DATED: December 19, 2017	Respectfully submitted,

*/s/   Andrew G. DiNovo*_____
Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dinovoprice.com
Adam G. Price
Texas State Bar No. 24027750
aprice@dinovoprice.com
Daniel L. Schmid
Texas State Bar No. 24093118
dschmid@dinovoprice.com
**DINOVO PRICE LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Telecopier:  (512) 539-2627

***Counsel for Plaintiff Terra Tersus LLC***